**Connie L. GEISZ, Plaintiff,**

v.

**Kenneth S. APFEL, Commissioner of Social Security, Defendant.**

**No. 99–10104.**

United States District Court, E.D. Michigan, Northern Division.

March 14, 2000.

Lewis M. Seward, Seward, Tally, Bay City, MI, for plaintiff.

Francis L. Zebot, U.S. Attorney's Office, Detroit, MI, for defendant.

### ORDER DECLINING TO ADOPT REPORT AND RECOM- MENDATION

ROBERTS, District Judge.

Pending before the Court are Plaintiff's Objections to Magistrate Judge Charles E.

Binder's Report and Recommendation. Magistrate Judge Binder recommended that the Court affirm the finding of the Commissioner that Plaintiff is not disabled. After a *de novo* review of the record, the Court declines to adopt Magistrate Judge Binder's Report and Recommendation.

Administrative Law Judge John LaFalce found that Plaintiff has a residual functional capacity for sedentary work that included the limitations of standing and walking 20 to 30 minutes each, sitting two hours, lifting 10 pounds, no excessive twisting, turning or bending, no climbing stairs or ladders and no continuous pushing/pulling or radial movements or wrist flexion (Tr. at 22). After ALJ LaFalce posed a hypothetical to the vocational expert (VE) that included those limitations, the VE testified that there are jobs in the region that are consistent with the hypothetical (Tr. at 134).[1] Magistrate Judge Binder found the hypothetical was proper, noting that it was based upon physical limitations placed by Plaintiff's treating physician, Charles Schisler, D.O. (See Schisler's Medical Examination Report at Tr. at 541–542).

■ In her Objections, however, Plaintiff points out that the ALJ LaFalce's hypothetical did not reflect Dr. Schisler's indication that Plaintiff needs to lie down. He stated, "Needs to lay down one or more time per day" and "Needs to lay down daily due to this pain" (Tr. at 541–542). Plaintiff emphasizes that she has consistently reported her need to lie down to alleviate her pain (Tr. at 70, 172, 420–422, 520, 522–526). Her mother also testified that Plaintiff frequently lays down during the day (Tr. at 84–85, 125–126).

ALJ LaFalce rejected Plaintiff's claim that she needs to lie down because "the objective medical evidence of record has not established the severity of impairments which would be expected to result in

---

**1.** The jobs identified by the VE were information clerks, visual inspectors, visual security monitors, ID clerks, and food and beverage clerks (Tr. at 134).

such a diminished capacity to engage in normal activities of daily living." (Tr. at 20). The problem with ALJ LaFalce's conclusion to this effect is that Plaintiff's treating physician found otherwise. As previously noted, Dr. Schisler found that Plaintiff's condition required her to lay down on a daily basis. If Dr. Schisler's opinion regarding the nature and severity of Plaintiff's impairment is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record, ALJ LaFalce should have that opinion given controlling weight. *Walters v. Commissioner of Social Sec.,* 127 F.3d 525, 530 (6th Cir.1997); 20 C.F.R. § 404.1527(d)(2).

The Court finds that Dr. Schisler's opinion was well supported by medically acceptable diagnostic techniques. MRI studies revealed that Plaintiff suffers from degenerative disc disease, left midline disc herniation and mildly diffuse bulging (Tr. at 541). An ENG showed Plaintiff to have left L5 radiculopathy and an EMG revealed bilateral carpal tunnel syndrome. Moreover, the medical records demonstrate that, in the words of medical expert Abdul Razzak, M.D, "[D]efinitely she does have a lot of symptoms and complaints. . . ." (Tr. at 131). The medical records evidence that Plaintiff has experienced decreased range of motion, muscle spasms, weakness, numbness and that palpable tenderness was observed (See, e.g., Tr. at 258, 387, 403, 492, 528, 541–542). There is no substantial evidence in the record to contradict Dr. Schisler's diagnoses of Plaintiff nor his opinion that those conditions cause Plaintiff to need to lie down. Therefore, Dr. Schisler's opinion should have been given controlling weight and the Commissioner's decision is not supported by substantial evidence.

 The Court additionally finds that this matter should be remanded for an award of benefits. The VE testified that, if Plaintiff needs to lie down during the day, she would be unable to maintain employment (Tr. at 137). In light of this testimony and the controlling weight given to Dr. Schisler's opinion that Plaintiff does need to lie down, there are no unresolved factual issues and the proof of disability is strong. Accordingly, remand for an award of benefits is appropriate. *Felisky v. Bowen,* 35 F.3d 1027, 1041 (6th Cir.1994).

**THE COURT HEREBY DECLINES TO ADOPT** Magistrate Judge Charles E. Binder's Report and Recommendation **[document 19]**, **GRANTS** Plaintiff's Motion for Summary Judgment **[document 14]**, **DENIES** the Commissioner's Motion for Summary Judgment **[document 15]**, and **REMANDS** this matter for an award of benefits.